UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
O.T.S. LOGISTICS, INC.,

                                                Plaintiff,

- against -

MAESTRI PASTAI, INC.,

                                                Defendant.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

09 CV 1406 (NGG)

On April 6, 2009, plaintiff O.T.S. Logistics, Inc. ("plaintiff" or "OTS") filed a Complaint against defendant Maestri Pastai, Inc. ("Maestri"), alleging breach of contract. Plaintiff invoked the jurisdiction of this Court under 28 U.S.C. § 1333. Despite proper service of the summons and Complaint, defendant failed to appear in the action. By Order dated November 10, 2009, the Honorable Nicholas G. Garaufis, United States District Judge, determined that the court had jurisdiction over this case and that a default judgment should be entered. Judge Garaufis referred the matter to the undersigned to conduct an inquest on damages.

For the reasons set forth below, the Court respectfully recommends that plaintiff be awarded $83,101.08 in damages for defendant's breach of contract, and $1,280.44 in pre-judgment interest for the period running from May 18, 2008 until December 31, 2009, plus additional interest accruing until the entry of judgment, and $885.20 in costs. It is further recommended that post-judgment interest be awarded in accordance with 28 U.S.C. § 1961.

## FACTUAL BACKGROUND

Plaintiff OTS, a corporation organized under the laws of the State of California and doing business under the name O.T.S. Logistics, Inc., is engaged in the business of freight forwarding. (Compl.[1] ¶ 2). Defendant Maestri is a corporation organized under the laws of the State of California. (Id. ¶ 3). Under its agreements with Maestri, OTS arranged for the "transportation or forwarding" of cargo for hire on board ocean vessels from Europe to various cities in the United States. (Id. ¶ 6). OTS also performed other maritime related services for Maestri. (Id. ¶ 5). In connection with each shipment, OTS created invoices for the services it performed for Maestri during 2007 and 2008, which Maestri allegedly received "without protest." (Id. ¶¶ 5-6). Although OTS demanded payment on "several occasions," Maestrri has failed to pay its outstanding debt to OTS. (Id. ¶ 6). Plaintiff claims that this failure to pay "is without basis, reason or justification since Maestri has even admitted owing the money to OTS." (Id.) As a result, OTS claims to have suffered damages in the amount of $83,181.08. (Id. ¶ 7).

Plaintiff seeks $83,181.08 in compensatory damages, plus interest, and $885.20 in costs.

## DISCUSSION

A. <u>Legal Standard</u>

The district court previously entered a default judgment in this case, and thus the only issue remaining is the amount of damages owed, if any, to plaintiff. Unlike allegations pertaining to liability, allegations in connection with damages are not deemed admitted in the context of a default judgment. The burden is on the plaintiff to establish its entitlement to recovery. See

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed in this Court on April 6, 2009.

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d at 158. Defendants who default are entitled to discovery regarding unliquidated damages. See Securities & Exch. Comm'n v. Wang, No. 88 CV 4461, 1989 WL 135558, at *1 (S.D.N.Y. May 22, 1989); Clague v. Bednarski, 105 F.R.D. 552, 552 (E.D.N.Y. 1985). When a court enters a default judgment and the amount of damages sought does not consist of a sum certain, Rule 55(b) of the Federal Rules of Civil Procedure provides that:

> [i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . .

Fed. R. Civ. P. 55(b)(2). While "the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not make the determination through a hearing." Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988) (gathering cases), aff'd, 873 F.2d 38 (2d Cir. 1989).

B. Damage Calculation

Default judgment having been previously entered by the district judge, the Court now considers the appropriate damages, if any, to award plaintiff in this action. Plaintiff seeks compensatory damages in the amount of $83,181.08, plus interest and costs. To assist the Court in finding a basis for the damages requested, the Court held a hearing on December 17, 2009, at which an officer of OTS testified regarding the services performed for Maestri and the amounts due to OTS. See Fustok v. Conticommodity Servs., Inc., 122 F.R.D. at 156. The defendant, who

3

had notice of the inquest hearing, failed to appear.

1) Breach of Contract

Plaintiff seeks $83,101.83 in compensatory damages for breach of contract. In support of its claim, plaintiff submitted the Declaration of Nol Burger, an officer of OTS, who affirms that defendant owes plaintiff $83,101.83. (Burger Decl.[2] ¶¶ 1, 4). This figure represents unpaid amounts owed for services performed by plaintiff for defendant, as reflected on the OTS shipping invoices. Specifically, plaintiff claims that defendant owes OTS the costs incurred by OTS in the transportation of goods from Italy to locations in California, Georgia, Illinois, New York, Ohio, Texas, and Virginia. (Burger Decl. ¶ 7). During the course of his testimony on December 17, 2009, Mr. Burger confirmed the accuracy of the statements made in his Declaration.

Mr. Burger annexed to his Declaration a copy of an "A/R Aging Report Detail," dated February 12, 2009, that shows that defendant owes an outstanding balance of $83,181.08. (Id., Ex. B). Mr. Burger testified, and affirmed in his Declaration, that this figure remains the balance due because "OTS has not received any payments on or after February 12, 2009." (Id. ¶ 11). Mr. Burger also submitted copies of 22 invoices which remain partially or totally unpaid, showing a balance due of $83,181.08. (Id., Ex. C). In addition to these records, Mr. Burger submitted a variety of emails in which defendant acknowledged that it owed $83,181.08 to plaintiff. (Id., Ex. D).

After considering the testimony of Mr. Burger and reviewing the uncontested records in this case, the Court finds that plaintiff has provided the Court with adequate documentation of

---

[2]Citations to "Burger Decl." refer to the Declaration of Nol Burger in Support of Calculation of Damages, filed on December 4, 2009.

4

the unpaid invoices.[3] Accordingly, based on the documentation submitted by plaintiff, the Court respectfully recommends that plaintiff be awarded $83,181.08 in compensatory damages for unpaid invoices owed by the defendants.

2) Interest

    a. Pre-Judgment

Although the decision to award pre-judgment interest is "ordinarily left to the discretion of the district court," Gierlinger v. Gleason, 160 F.3d 858, 873 (2d Cir. 1998), prejudgment interest should generally be granted in admiralty cases. See Muller Boat Works, Inc. v. Unnamed 52' House Barge, 464 F. Supp. 2d 127, 149 (E.D.N.Y. 2006). Once the court has decided to award pre-judgment interest, the court has "broad discretion" to determine the interest rate and the date upon which interest begins to accrue. See Independent Bulk Transp., Inc. v. M/V/ Morania Abaco, 676 F.2d 23, 27 (2d Cir. 1983). Although Section 1961(a) requires that courts use the "weekly average 1-year constant maturity Treasury yield," this Court has used the average

---

[3]In its Memorandum and Order dated November 10, 2009, the district court declined to rule on the issue of damages because "OTS has not submitted copies of the alleged contracts" giving rise to the instant lawsuit. As a result, the district judge referred the matter to the undersigned to conduct an inquest. Having reviewed the supplemental documentation provided by plaintiff in support of its damage calculation, this Court finds that sufficient evidence has now been presented to support plaintiff's claim for damages. Although plaintiff has not submitted any written contracts as required by the court, it appears that no such formal written contracts were ever created as part of the invoices because "all bookings for transportation of cargo by Maestri were made over the phone." (Burger Supp. Decl. ¶ 2). According to Mr. Burger, "Normally, Maestri's booking orders with OTS were made over the phone. The price of the services with respect to a given cargo was also discussed and agreed over the phone when the booking was made. This is a common practice in the forwarding business especially with regular customers such as Maestri (with which OTS has conducted business for many years)." (Burger Decl. ¶ 6). This Declaration of Mr. Burger, considered in conjunction with the Supplemental Declaration dated December 17, 2009, and the emails in which defendant acknowledged its debt to plaintiff, supplies a more than adequate basis upon which the Court can determine damages. (See Burger Decl. ¶¶ 1-11. Ex. D).

5

annual rate to calculate interest since most courts use the "average annual—not weekly—rate of return on one-year T-bills between the time the claim arises and the entry of judgment." Kuper v. Empire Blue Cross & Blue Shield, No. 99 CV 1190, 2003 WL 23350111 at *5 (S.D.N.Y. Dec. 18, 2003).

Here, the dates on the invoices submitted by OTS range from October 9, 2007 to October 31, 2008. (Burger Decl. ¶ 6, Ex. B). In the exercise of its discretion, the Court agrees with plaintiff that May 19, 2008 is an appropriate date for the accrual of interest to begin. See Independent Bulk Transp., Inc. v. M/V/ Morania Abaco, 676 F.2d at 27. Applying the average annual rate of return on a one-year T-bill,[4] the Court calculates interest as follows:

| Year | Relevant Period | Number of Days | Principal | Interest Rate | Total Interest |
|---|---|---|---|---|---|
| 2008 | 05/19/08 - 12/31/08 | 227 | $83,181.08 | 1.83 | $946.69 |
| 2009 | 01/01/09 - 12/31/09 | 365 | $84,127,772 | 0.40 | $333.75 |
| Total | 05/19/08 - 12/31/09 | | | | $1,280.44 |

Accordingly, the Court respectfully recommends that plaintiff be awarded $1,280.44 in pre-judgment interest for the period May 19, 2008 until December 31, 2009, plus the additional interest that accrues until the entry of judgment.

---

[4]The Court used the rates as reported by the Federal Reserve, which can be found at: http://www.federalreserve.gov/. For 2008, the average rate of return on a one-year T-bill was 1.83%. For 2009, the average rate was 0.40% as of December 25, 2009. See Federal Reserve Statistical Release, http://www.federalreserve.gov/releases/h15/current.

b. Post-Judgement

Pursuant to 28 U.S.C. § 1961(a), litigants are also entitled to post-judgment interest on money awards issued by a district court. Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008). Post-judgment interest is established by federal statutory authority and its accrual is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Since Section 1961(a) does not allow "the exercise of judicial discretion in its application," Akermanis v. Sea-Land Serv., Inc., 521 F. Supp. 44, 57 (S.D.N.Y. 1981), rev'd on other grounds, 688 F.2d 898 (2d Cir. 1982), cert. denied, 461 U.S. 927 (1983), plaintiff is entitled to post-judgment interest at the statutory rate prescribed by 28 U.S.C. § 1961, calculated from the date the district court enters judgment.

3) Costs

Plaintiff is also eligible under the Federal Rules for reimbursement of certain costs and disbursements incurred as a result of this litigation. See Fed. R. Civ. P. 54(d) (providing that: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorney's fees shall be allowed as of course to the prevailing party . . ."). To that end, Section 1920 of Title 28 of the U.S. Code "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superceded by statute on other grounds; see also 28 U.S.C. § 1920. Among the type of costs authorized by Section 1920 are fees of the

clerk and marshal, fees and disbursements for printing and witnesses, and fees for the exemplification and copies of papers necessarily obtained for use in the case.

In this case, plaintiff seeks reimbursement of $885.20 in costs necessary to file the instant claim. (Pl's. Mem. at 7). Included in this sum is a $350 filing fee, $150 paid to a process server, and $385.20 for Nol Burger to travel to this Court from California to testify at the December 17, 2009 inquest hearing before the undersigned. (See Di Pierto Decl.,[5] Ex. 2). This Court has discretion within the constraints of Section 1920 to determine and award costs in this case. Following a review of plaintiff's submissions, including invoices to support the costs, the Court recommends that defendant reimburse plaintiff in the amount of $885.20, consisting of travel expenses for Mr. Burger to testify in this Court, fees for services of process and filing fees. See 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d).

## CONCLUSION

In light of defendant's default, and having considered the undisputed evidence presented in support of plaintiff's request for damages, the Court respectfully recommends that plaintiff be awarded $83,101.08 in damages for defendant's breach of contract, plus $1,280.44 in pre-judgment interest for the period running from May 18, 2008 until December 31, 2009, plus the additional amount of interest accruing until the entry of judgment, and $885.20 in costs. It is further recommended post-judgment interest be awarded in accordance with 28 U.S.C. § 1961.

Any objections to this Report and Recommendation must be filed with the Clerk of the

---

[5]Citations to "Di Pietro Aff." refer to the Declaration of Francesco Di Pietro in Support of Calculation of Damages, filed December 4, 2009.

Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**:

Dated: Brooklyn, New York
December 31, 2009

S/ Hon. Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge